UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-82-GMS |
| | : | |
| LARRY M. WILMER, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT WILMER'S PROPOSED JURY INSTRUCTION ON INVESTIGATIVE TECHNIQUES

AND NOW comes the defendant, Larry M. Wilmer, by his attorney Keir Bradford of the Federal Public Defender's Office, and files this Proposed Jury Instruction on Investigative Techniques.

Respectfully submitted,

 /s/  *Keir Bradford*
KEIR BRADFORD, ESQUIRE
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
302-573-6010
ecf_de@msn.com

Attorney for Defendant Larry M. Wilmer

DATED: August 22, 2008

1

DEFENDANT'S PROPOSED JURY INSTRUCTION -
RELEVANCE OF SPECIFIC INVESTIGATIVE TECHNIQUES

Defendant has argued that reasonable doubt arises from omissions in the government's investigation. Specifically, defendant argues that reasonable doubts arise from the absence of DNA testing. I will now instruct you on the law which you should apply in considering these arguments.

"A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is upon the Government to prove the defendant guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant has the right to rely upon the failure of the prosecution . . . to establish such proof."[1] Thus, reasonable doubt may arise from a lack of evidence.

There is no rule of law which requires the police to utilize every investigative technique in every case. In one case, a jury might determine that the absence of a particular investigative technique is of no particular consequence. In another case, the absence of that same investigative technique might cause the jurors to have a reasonable doubt. It all depends on the facts of the case, and you are the judge of the facts.

---

[1] United States v. Stubin, 446 F.2d 457, 465 n. 7 (3d Cir. 1971), finding that the cited jury instruction was part of an "adequate and correct statement" of the meaning of "reasonable doubt." See also Jackson v. Virginia, 443 U.S. 307, 318 n. 9, 99 S.Ct. 2781, 2788 n. 9 (1979) ("A reasonable doubt has been described as one based on reason which arises from the evidence or lack of evidence") (citation and internal quotations omitted).