UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-82-GMS |
| | : | |
| LARRY M. WILMER, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT WILMER'S MOTION IN LIMINE**
**RE: CONDUCT OF UNCHARGED JUVENILE**

AND NOW comes the defendant, Larry M. Wilmer, by his attorney Keir Bradford of the Federal Public Defender's Office, and files this *in limine* motion to preclude testimony regarding conduct of an uncharged juvenile.

1.   Defendant Larry M. Wilmer is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2.   Trial is scheduled to commence on September 8, 2008.

3. Defendant does not challenge the relevance of testimony regarding the conduct of the defendant, to-wit:

    a. that local police observed defendant in a courtyard at 1319 and 1321 East 27th Street, in the City of Wilmington;

    b. that defendant was seen looking into a trash can;

    c. that police searched the trash can, and found the firearm identified in the indictment; and

    d. that police searched the defendant and found him to be in possession of black gloves and a black ski mask.

4. Defendant *does* challenge the relevance of testimony regarding the conduct of an uncharged juvenile, to-wit:

    a. that police contemporaneously observed a juvenile in the courtyard;

    b. that the juvenile was seen looking into a second trash can;

    c. that police found an uncharged gun in the second trash can; and

    d. that police searched the juvenile and found him to be in possession of black gloves and a black ski mask.

5. It is submitted that testimony regarding the conduct of the juvenile is not relevant under Rule 401 of the Federal Rules of Evidence.

6. Specifically, the conduct of the juvenile is not relevant to whether defendant "knowingly possessed" the gun found in the first trash can.

7. In addition, the activities of the juvenile are not relevant to any alternative theory of prosecution, as:

    a. neither the defendant nor the juvenile was charged as a co-conspirator;

    b. neither the defendant nor the juvenile was charged as an aider and abettor, and

    c. the indictment does not allege facts which would support conviction under an implied theory of aiding and abetting.

8. In the alternative, evidence regarding the juvenile should be excluded because its probative value is substantially outweighed by the potential of unfair prejudice to the defense; specifically, such evidence invites the jury to convict defendant as a sanction for the corrupt act of involving a juvenile in a robbery.

9. If the Court admits evidence that the juvenile, like the defendant, was found in possession of black gloves and a ski mask, the jurors may conclude that defendant, an adult, had recruited the juvenile for the purpose of committing a robbery.

10. Thus, the jurors may convict the defendant as a sanction for his corrupt act of involving a juvenile in criminal activity, even though they may harbor reasonable doubt regarding defendant's constructive possession of the gun.

11.     Under FRE 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice."

12.     Evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish," or otherwise "may cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (cite omitted).

13.     If the government is permitted to introduce evidence suggesting that defendant recruited a juvenile to participate in a robbery, that evidence will provoke the instinct to punish, and may cause the jury to base its decision on something other than the established propositions in the case.

14.     Because evidence regarding the juvenile is not relevant to the charged offense, and because any arguable relevance is substantially outweighed by the potential for unfair prejudice, defendant seeks an *in limine* order precluding the government from presenting police testimony regarding the following:

      a.    police observations of the juvenile;

      b.    seizure of a gun from the second trash can;

      c.    the police search and/or arrest of the juvenile; and

  d. seizure from the juvenile of black gloves and a black ski mask.

WHEREFORE, it is respectfully requested that defendant's motion in limine be granted, and that the government be precluded from presenting testimony regarding the conduct of the uncharged juvenile.

        Respectfully submitted,

        /s/ *Keir Bradford*
        KEIR BRADFORD, ESQUIRE
        Assistant Federal Public Defender
        One Customs House
        704 King Street, Suite 110
        Wilmington, DE  19801
        302-573-6010
        ecf_de@msn.com

        Attorney for Defendant Larry M. Wilmer

DATED: August 22, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-82-GMS |
| | : | |
| LARRY M. WILMER, | : | |
| | : | |
| Defendant. | : | |

ORDER OF COURT

AND NOW this _____ day of _____, 2008, upon consideration of Defendant Wilmer's Motion in Limine Re: Conduct of Uncharged Juvenile, it is hereby ordered that the motion is GRANTED. The government is hereby precluded from presenting testimony regarding the following:

    a.    police observation of the juvenile;

    b.    seizure of a gun from the second trash can;

    c.    the police search and/or arrest of the juvenile; and

    d.    seizure from the juvenile of black gloves and a black ski mask.

By the Court,

_____
Honorable Gregory M. Sleet
Chief Judge, District of Delaware