UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-82-GMS |
| | : | |
| LARRY M. WILMER, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT WILMER'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

AND NOW comes the defendant, Larry M. Wilmer, by his attorney Keir Bradford of the Federal Public Defender's Office, and files these Objections to the following Government Jury Instructions.

1. Specific Investigative Techniques

2. Interstate Commerce

Respectfully submitted,

 /s/  Keir Bradford
KEIR BRADFORD, ESQUIRE
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
302-573-6010
ecf_de@msn.com
Attorney for Defendant Larry M. Wilmer

DATED: August 22, 2008

1

1.   <u>Objection to Government's "Investigative Techniques" Instruction</u>

The government has submitted a proposed instruction on "investigative techniques," taken from Third Circuit Model Criminal Instruction 4.14 (Draft). The government's instruction states that "there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case." Defendant submits that this language violates defendant's due process right to present a defense based upon "lack of evidence" reasonable doubt.

In <u>Jackson v. Virginia</u>, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787 (1979), the Supreme Court held, under the due process clause of the fourteenth amendment, that the "beyond a reasonable doubt" standard was applicable in state criminal prosecutions. The <u>Jackson</u> decision noted that reasonable doubt may arise from a "lack of evidence." As stated at footnote 9 of the Court's decision, "[a] reasonable doubt has been described as one based on reason which arises from the evidence *or lack of evidence*." <u>Id</u>., 443 U.S. at 318 n.9, 99 S.Ct. at 2788 n.9 (1979) (citation and internal quotations omitted, emphasis added).

Under a "lack of evidence" reasonable doubt instruction, the jurors have the power to conclude that the absence of DNA testing is a factor which raises reasonable doubt. This is because (1) "lack of evidence" may support reasonable doubt; (2) DNA testing is a type of evidence; and (3) a reasonable doubt may therefore arise from the lack of DNA evidence.

Third Circuit Pattern Instruction 4.14 states that "there is no legal requirement that the Government use any of these specific investigative techniques or all possible techniques to prove its case." Such an instruction is at odds with the jury's right to find that the government has failed to prove its case due to a "lack of evidence." Therefore, pursuant to the due process clause of the fifth amendment, defendant objects to the government's proposed jury instruction on "investigative techniques."

Defendant recognizes that there is no rule of law which requires the police to use every investigative technique in every criminal investigation. Defendant's proposed instruction conveys this point, while maintaining defendant's due process right to clear instructions on "lack of evidence" reasonable doubt. Defendant therefore requests that his proposed instruction on investigative techniques be used as a substitute for the government's proposed instruction.

2. <u>Objection to Government's "Interstate Commerce" Instruction</u>

In <u>Scarborough v. United States</u>, 431 U.S. 563, 575, 97 S. Ct. 1963, 1969 (1977), the Supreme Court held that in a prosecution for possession of a firearm by a convicted felon, the required nexus to interstate commerce was established by evidence that the firearm had traveled between two states "at some time" in the past. The government's proposed instruction on interstate commerce is a proper statement of the law under <u>Scarborough</u>. Defendant files this objection so as to preserve his right to seek certiorari review challenging the continuing validity of <u>Scarborough</u>. Defendant challenges <u>Scarborough</u>, and the government's proposed instruction, on three grounds.

First, the minimal commerce clause nexus approved in <u>Scarborough</u> is inconsistent with the more demanding commerce clause standards applied by the Supreme Court in <u>United States v. Lopez</u>, 514 U.S. 549, 115 S. Ct. 1624 (1995).

Second, the <u>Scarborough</u> definition of interstate commerce should not apply to the current felon-in-possession statute, as the current statute contains a definition of "interstate commerce," and that definition does not adopt the <u>Scarborough</u> standard. See 18 U.S.C. §§ 921(a)(2) and 922(g).

Third, the text of the current felon-in-possession statute is different from the text of

the predecessor statute at issue in Scarborough. Under the current 18 U.S.C. § 922(g), it is unlawful for a convicted felon to "possess in or affecting commerce, any firearm or ammunition." This statutory language focuses on whether the defendant's *possession* of the firearm was in commerce or had an effect on commerce. The "plain meaning" of this text requires the government to meet an evidentiary burden which is more rigorous than the burden applied by the Supreme Court in Scarborough.

Defendant therefore objects to the government's proposed instruction on interstate commerce.