UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-82-GMS |
| | : | |
| LARRY M. WILMER, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT WILMER'S
MOTION DISCLOSURE OF JENCKS ACT MATERIALS

AND NOW comes the defendant, Larry Wilmer, by his attorney Keir Bradford of the Federal Public Defender's Office, and files this Motion for Disclosure of Jencks Act Materials.

1.  Officer Burton is the Wilmington Police Officer who arrested defendant Wilmer for possession of a firearm by a convicted felon.

2.  It is anticipated that the government will call Officer Burton as a witness at trial.

3.  After Officer Burton's direct testimony, defendant will have the right to move for disclosure of any relevant statements made by the officer. See 18 U.S.C. §3500 (Jencks Act), and Criminal Rule 26.2.

4. Sworn testimony in a related judicial proceeding comes within the definition of a "statement."

5. Defense counsel today received an unverified report regarding Anthony Calloway, the juvenile who was arrested along with the defendant; according to the unverified report: (a) Calloway was recently tried in juvenile court on related firearms charges; (b) Officer Burton testified at Calloway's trial; and (c) Calloway was found not guilty.

6. Defense counsel immediately called the prosecutor to check on the veracity of the information received; the prosecutor confirmed that the juvenile had been tried on related charges, that Officer Burton had testified at the juvenile proceeding, and that the juvenile had been found not guilty.

7. Defense counsel asked the prosecutor to provide a copy of Officer Burton's testimony at the juvenile proceeding, and the prosecutor indicated that he did not have a copy to provide.

8. Because of the confidentiality of state juvenile proceedings, defense counsel is unable to readily secure a trial transcript from the court reporter.

9.  In addition, the prosecutor informed defense counsel that the government may seek to introduce at trial an additional statement made by defendant Wilmer to Wilmington Police; the prosecutor indicated that the statement had not been previously provided in discovery.

10. Defense counsel hereby gives notice that she will move for disclosure of Officer Burton's juvenile trial testimony under 18 U.S.C. § 3500 and Criminal Rule 26.2.

11. Defense counsel further gives notice that she will move to preclude evidence regarding any statements of the defendant which were not disclosed in discovery.

12. It is respectfully requested that the parties be given an opportunity to present argument on these matters prior to opening statements, and out of the hearing of the jury.

Respectfully submitted,

 /s/ *Keir Bradford*
KEIR BRADFORD, ESQUIRE
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE 19801
302-573-6010
ecf_de@msn.com
Attorney for Defendant Larry M. Wilmer

DATED: September 5, 2008