IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 08-82 GMS |
| ) | |
| LARRY WILMER ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

**I. INTRODUCTION**

On May 27, 2008, the Grand Jury for the District of Delaware indicted Larry Wilmer ("Wilmer") on one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On September 8, 2008, the court commenced a 2-day jury trial. Prior to submitting the case to the jury, Wilmer moved for acquittal based on insufficiency of the evidence. The court heard argument on the motion, but reserved ruling and submitted the case to the jury. After deliberating for approximately 2 days, the jury foreperson informed the court that the jurors had reached a deadlock. The court subsequently found that manifest necessity required it to declare a mistrial. On September 29, 2008, Wilmer filed a renewed motion for acquittal pursuant to Federal Rules of Criminal Procedure 29(a) and (b).[1] For the reasons that follow, the court will grant the motion.

---

[1] Federal Rule of Criminal Procedure 29(a) states that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Rule 29(b) further provides that the court may reserve decision on the defendant's motion, proceed with trial, submit the case to the jury, and decide the motion after the jury is discharged without having returned a verdict.

## II.  BACKGROUND

The relevant background is the evidence presented at trial concerning Wilmer's alleged possession of a Smith and Wesson 9 mm handgun. During the trial, the government called one witness to testify regarding his observations of the defendant on the morning of May 2, 2008: Wilmington Police Department ("WPD") Officer William Burton ("Burton"). Burton testified that he had been a WPD officer for approximately three years. (Transcript of September 8, 2008 trial ("Tr") at 85.) On May 2, 2008, Burton was on uniformed patrol driving his marked police car in the Riverside area of Wilmington, specifically the 2700 block of Bowers Street. (Id. at 86-87.) While driving north on Bowers Street, Burton observed an individual, whom he later identified as Wilmer, with his hands and arms inside a trash can located at house number 1319 in the courtyard of the Riverside Courtyard Apartments. (Id. at 88.) Wilmer was not actually sitting or standing inside the trash can, but his arms were inside, "[l]ike he was looking through the trash can, like if he was putting something in there." (Id. at 88-89.) Burton did not observe anyone else in the immediate area of the courtyard. (Id. at 89.)

Thinking it was unusual for someone to be inside a trash can at 9:30 in the morning, Burton stopped his vehicle in the middle of a "cut"[2] in the courtyard to observe Wilmer. (Id.) At this point, Burton was approximately 40 feet from Wilmer and the trash can, and had a clear view of him. (Id. at 92.) Wilmer then looked up, turned his head toward Burton's vehicle, and made eye contact with Burton. (Id. at 89-90.) Next, Wilmer pulled his arms out of the trash can, closed the lid, and began walking westbound through the courtyard. (Id. at 89-90, 102.) Burton pursued, driving northbound

---

[2] Burton explained that the "cut" was an opening of about 20 feet in between a house on the east side and a house on the south side where you can look into the courtyards from the street. (Id. at 90.)

through the courtyards. (Id. at 93.) At this point in time, Burton lost track of the trash can for approximately 2-3 minutes. (Id. at 144, 146.) Burton then exited his vehicle and instructed his partner to conduct a pedestrian stop on Wilmer who was still walking toward 27th Street. (Id.) Wilmer complied with the request to stop. (Id. at 103.) While his partner conducted the stop, Burton walked over to the trash can, opened the lid, and located a silver 9 mm handgun, which was loaded. (Id. at 93, 103.) According to Burton, the firearm was lying on top of a full trash can that contained several bags of trash and an empty pizza box. (Id. at 95-96, 103.) Burton secured the firearm, walked back to the car, and advised his partner to place Wilmer under arrest and conduct a patdown.[3] (Id. at 96, 105.) During the patdown, the officers recovered a black knit ski mask, black knit hat, and a pair of black knit gloves in Wilmer's black right pants pocket.[4] (Id. at 96-97, 105.)

## III.  STANDARD OF REVIEW

A motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure may only be granted where the evidence is insufficient to sustain a conviction. *United States v. Gonzales*, 918 F.2d 1129, 1132 (3d Cir. 1990). The court must determine whether the government has adduced "substantial evidence to support" a guilty verdict. *United States v. Wexler*, 838 F.2d 88, 90 (3d Cir. 1988). In ruling on such a motion, a court may not weigh the evidence, nor may it make credibility determinations which are within the domain of the jury. Rather, the court must consider the evidence in the light most favorable to the government and draw all reasonable

---

[3] Although he could not say for sure that Wilmer was the person who put the firearm in the trash can or how long the fire arm had been there, Burton arrested Wilmer because there was a possibility that Wilmer put the firearm in the trash can. (Id. at 104.)

[4] Burton further testified that the weather on May 2, 2008 was comfortable, it was sunny and very nice out, and Wilmer was wearing blue jeans and a white t-shirt. (Id. at 97.)

inferences in favor of the government. *United States v. Wasserson*, 418 F.3d 225, 237 (3d Cir. 2005). Viewing the evidence in its entirety, a judgment of acquittal is warranted only if "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987).

## IV. DISCUSSION

The elements of the crime of unlawful possession of a firearm by a felon are: (1) prior to the date alleged in the Indictment, Wilmer had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; (2) Wilmer knowingly possessed the firearm charged in the Indictment; and (3) the firearm charged in the Indictment was in or affected interstate commerce before coming into Wilmer's possession. *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Wilmer's motion challenges only the second element of the charged offense, that is, whether Wilmer knowingly possessed the firearm charged in the Indictment. Here, the firearm was not seized from Wilmer's person. Therefore, Wilmer was not found in actual possession of the gun. Thus, the issue before the court is whether the evidence adduced at trial was sufficient to prove that Wilmer had, what is often termed, constructive possession of the firearm.

A person has constructive possession over a thing if he or she "'knowingly has both the power and the intention at a given time to exercise dominion or control over [the] thing, either directly or through another person or persons.'" *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (quoting *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)). The Third Circuit has adopted the view that "[c]onstructive possession necessarily requires both 'dominion and control' over an object and knowledge of that object's existence." *Iafelice*, 978 F.2d at 96 (citations omitted). In other words, the government must prove beyond a reasonable doubt that: (1) Wilmer had

knowledge of the firearm's existence; (2) Wilmer had the power to exercise dominion and control over the firearm; and (3) Wilmer had the intent to exercise dominion and control over the firearm. *United States v. Bellinger*, 461 F. Supp. 2d 339, 346 (E.D. Pa. 2006). Finally, the government cannot establish dominion and control by showing Wilmer's "mere proximity to the [firearm], or mere presence on the property where it is located. . . ." *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993) (quoting *United States v. Davis*, 461 F.2d 1026, 1036 (3d Cir. 1972)). The government can establish dominion and control, however, by adducing evidence of some other factor or factors – including "connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise – coupled with proximity." *Bellinger*, 461 F. Supp. 2d at 347 (quoting *United States v. Booker*, 436 F.3d 238, 242 (D.C. Cir. 2006)).

In his motion, Wilmer contends that the evidence adduced at trial was insufficient to show that he put the firearm in the trash can where it was found by the WPD officer, or that he had the intent to exercise dominion and control over the firearm. The court addresses each of these arguments in turn.

### A.     Whether the Evidence Was Sufficient to Show that Wilmer Placed the Firearm Inside the Trash Can

Although the government did not adduce any direct evidence that Wilmer possessed the firearm, the evidence viewed in the light most favorable to the government establishes that a jury could have reasonably inferred that Wilmer placed the firearm in the trash can where Burton subsequently recovered it. "Inferences from established facts are accepted methods of proof when no direct evidence is available so long as there exists a logical and convincing connection between the facts established and the conclusion inferred. The fact that evidence is circumstantial does not

5

make it less probative than direct evidence." *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989) (citation omitted). The evidence adduced at trial established that Burton observed Wilmer looking through the trash can with his hands and arms inside. Burton did not observe any other person in the immediate vicinity of the trash can. Wilmer looked up from the trash can, saw Burton in his marked police vehicle, and began to walk away. Burton pursued Wilmer, driving around the courtyard to detain him. Burton did lose sight of the trash can for 2-3 minutes as he was pursuing Wilmer. However, there is no evidence in the record that any other person was in, near, or around the trash can during this time period. Finally, Burton recovered the firearm, which was located directly on top of the inside of the trash can through which Wilmer was looking. From this evidence, the jury could reasonably have concluded beyond a reasonable doubt that Wilmer had placed the firearm inside the trash can. In other words, the jury could reasonably have concluded that Wilmer had knowledge of the firearm, and the power to exercise dominion and control over it.

### B. Whether the Evidence Was Sufficient to Prove that Wilmer had the Intent to Exercise Dominion and Control over the Firearm

Wilmer contends that even if the evidence was sufficient to prove knowledge of the firearm, the evidence was insufficient to prove beyond a reasonable doubt that he had the intent to exercise dominion and control over the firearm. The government, on the other hand, argues that the jury can infer that Wilmer had the intent to exercise dominion and control over the firearm, because the evidence adduced demonstrates Wilmer's proximity to the firearm coupled with his possession of a knit ski mask, knit gloves, and a knit hat on a warm spring day. The government further argues that a jury could reasonably infer that the mask, gloves, and hat could be used to disguise oneself in the perpetration of a criminal act. The court disagrees. For the court to find otherwise, it would have

6

to accept the government's invitation to pile inference on inference, which it declines to do. As previously noted, inferences from established facts are accepted methods of proof so long as there exists a logical and convincing connection between the facts established and the conclusion inferred. Here, no logical and convincing connection exists. The government essentially asked the jury, and now asks the court, to make the following inferences: (1) only a criminal would be carrying a ski mask, knit gloves, and a knit hat on a warm spring day; (2) masks, gloves, and hats are used by a criminal to conceal his identity during the commission of a crime such as robbery; (3) Wilmer's possession of the aforementioned items on a warm spring day demonstrates that he was going to commit a robbery; (4) a victim of a robbery would be more likely to comply with the robber's commands if his or her safety was threatened; (5) a victim's safety is threatened when he or she sees that the robber is carrying a weapon, such as a firearm; (6) robbers like Wilmer have a motive to obtain firearms; and (7) because Wilmer was a robber with a motive to obtain a firearm, it is reasonable to infer that he intended to exercise dominion and control over the firearm in the trash can.[5]

---

[5] It is noteworthy that the government fails to discuss any inferences that should be drawn from the record evidence in its response to the defendant's motion. Instead, the government simply states: "[T]he defendant was found to be in possession of a knit hat, knit gloves, and a ski mask. The record also reflects it was a warm, sunny day in May [with the defendant] wearing only a t-shirt. A jury could reasonably infer, in a light most favorable to the prosecution, that those items could be used to disguise one's self in the perpetration of a criminal act." (D.I. 38, at 2.)

In the present case, the court agrees with the defendant that his mere proximity to a firearm coupled with his possession of a ski mask, knit gloves, and a knit hat on a warm spring day would create a chain of inferences that is too attenuated to meet the government's burden of proof regarding intent. Accordingly, the court will grant the defendant's motion for acquittal.

Dated: February 4, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 08-82 GMS |
| ) | |
| LARRY WILMER ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion for Judgment of Acquittal under Rule 29(a) and Rule 29(b) (D.I. 33) is GRANTED.

2. Judgment of acquittal is hereby entered on Count I of the Indictment.

Dated: February 4, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE